UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:18-cr-213-T-60AAS

GUILLERMO CUERO CUERO

    Defendant.
_____/

**ORDER DENYING "DEFENDANT'S
MOTION SEEKING REDUCTION IN SENTENCE"**

This matter is before the Court on Defendant Javier Enrique Castillo-Romero's Motion Seeking Reduction in Sentence, filed *pro se* on September 18, 2020. (Doc. 85). On September 29, 2020, the Court directed the United States to respond to the motion. (Doc. 88). On October 9, 2020, the Government filed its response. (Doc. 90). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On July 10, 2018, Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). On September 28, 2018, Judge Elizabeth A. Kovachevich sentenced Defendant to 135 months imprisonment. Defendant is currently incarcerated at Jesup FCI in Jesup, Georgia, and is projected to be released on or about November 14, 2027.

Following Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States

officially declared a national emergency due to the virus.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to his medical condition, the spread of COVID-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the COVID-19 pandemic. Specifically, Defendant claims that because he has high blood pressure, he is more susceptible to COVID-19 complications. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Initially, the Court finds that Defendant has failed to exhaust his administrative remedies. On July 15, 2020, the Warden denied Defendant's request for compassionate release. Although he was invited to appeal the decision through the administrative remedy process, he failed to do so. Only a denial at the level of BOP's director or general counsel constitutes a "final administrative decision" that may not be further appealed. 28 C.F.R. § 571.63(b). Absence a final administrative decision, Defendant has failed to exhaust his administrative remedies

as required by 18 U.S.C. § 3582(c)(1)(A).

Even if he had exhausted his administrative remedies, the Court would still deny relief. The Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his age or medical conditions.[1] Defendant is a 52-year old offender and claims that his high blood pressure makes him particularly vulnerable to COVID-19. However, Defendant has provided no documentation to establish that he suffers from high blood pressure. Furthermore, Defendant has not alleged or shown that he has a terminal illness or that his high blood pressure constitutes a serious physical or medical condition that substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover. General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.")

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh strongly against granting compassionate release in this case.  Defendant was convicted of a serious drug trafficking crime and has only served two years of his sentence.  Considering the 3553 factors, release would not be appropriate here.  Consequently, "Defendant's Motion Seeking Reduction in Sentence" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 22nd day of October, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**